HARVARD LAW SCHOOL LIBRARY

# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JANUARY TERM, 1864.

### THE PEOPLE v. JENKS.

CHALLENGE TO JURORS.—A defendant, on trial in a criminal action, may interpose
a peremptory challenge to a juror, at any time after the appearance of the juror
in the box and before he is sworn to try the case, until the whole number of per-
emptory challenges is exhausted.

ID. RULE OF COURT.— The Court has no power to adopt a rule compelling a
defendant in a criminal action to interpose his peremptory challenges to jurors at
any particular time, for such rule would be clearly in conflict with the three hun-
dred and forty-first section of the Criminal Practice Act.

ID. AFTER JUROR IS SWORN.—After juror is sworn in a criminal case, it is the
duty of the Court, upon good cause shown, to allow the defendant to use his per-
emptory challenges, until they are exhausted, at any time before the jury is com-
pleted.

APPEAL from the Court of Sessions of Tuolumne County.

The facts are stated in the opinion of the Court.

*Rodgers* and *Coffroth*, for Appellant, cited sections three
hundred and forty-one, three hundred and forty-two, and

three hundred and sixty-one of the Criminal Practice Act, and *People* v. *Kohle*, 4th Cal. 198.

*McCullough*, Attorney-General, for Respondent.

The case of *The People* v. *Kohle* would support the error assigned, if the facts were the same. But in this case, the Court at the outset informed defendant of the order and manner in which to make his challenges, and the Court must of necessity be vested with a reasonable discretion in determining the preliminaries of a criminal trial, even if not strictly in accordance with statutory provisions, or to make rules and orders in its discretion, to expedite trials, and if there is no abuse, there is no error. (*People* v. *Stoncifer*, 6 Cal. 409; *People* v. *Sears*, 18 Cal. 635; *People* v. *Keenan*, 13 Cal. 584; *People* v. *Bonney*, 19 Cal. 445.)

By the Court, SANDERSON, C. J.

The defendant was tried and convicted of the crime of grand larceny.

We deem it unnecessary to notice more than one of the errors assigned by counsel for the appellant. The other errors, if they are such, will doubtless be avoided upon another trial.

After five jurors had been impanelled, the Court informed defendant's attorney "that he must exhaust all his challenges to the jury before accepting them, and that he would not be permitted to challenge afterward without assigning a sufficient reason therefor." To the rule thus prescribed by the Court counsel for the defendant excepted. The defendant's attorney then examined the remaining seven jurors for cause, and passed them to the District Attorney, who expressed himself as satisfied with the jury. The Court then directed the Clerk to swear them to try the case. Thereupon counsel for defendant interposed a peremptory challenge to B. F. Gordon, one of the seven jurors last examined, and declined to assign any reason therefor except "his statutory right."

At the time this challenge was interposed the defendant had remaining six of the ten peremptory challenges allowed him by the statute. The Court refused to allow the challenge, and directed the Clerk to swear the jury, and Gordon was accordingly sworn as one of the jurors to try the case. To this ruling of the Court also the defendant's counsel excepted.

The refusal of the Court to allow the challenge in question was clearly erroneous. Under the provisions of the three hundred and forty-first section of the Criminal Practice Act, the defendant may peremptorily challenge a juror at any time after his appearance in the box and before he is sworn to try the case; and even after he is sworn, but before the jury is completed, it is enjoined upon the Court to permit it upon good cause shown. This plain and express provision of the statute cannot be contravened by any abitrary rule of the Court; on the contrary, the security which the law humanely affords to the prisoner in criminal prosecutions, against public excitement and private animosity, ought in no degree to be impaired or diminished by any action on the part of the tribunal before which he is being tried. That the rule prescribed by the Court in this case might frequently operate to the prejudice of the defendant is apparent. Facts touching the competency of the juror might come to the knowledge of the defendant or his counsel after their acceptance and before the administration of the oath not known to them at the time he was accepted, which might materially affect their judgment upon the question of challenge. In such an event the defendant is not bound to disclose these facts to the Court and jury. There may be good and sufficient reasons why such a course might be prejudicial to his interests, and he may well claim the benefit of the challenge without assigning any reason therefor, as was done in the present case, except "his statutory right." A strict adherence to the rule prescribed by the statute can in no way operate to the disadvantage of the prosecution or the incon-

venience of the Court, while a failure to observe it may deprive the defendant of a right wisely provided for his protection and security.

The judgment must be reversed and a new trial ordered.

CURREY, J., expressed no opinion.