# THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CARPENTER, Appellant.

*Peremptory challenge — when the right must be exercised — the time for the exercise of the right cannot be limited by the court — Code of Criminal Procedure, secs. 369 and 371.*

The right of a party accused of a crime to peremptorily challenge a juror exists, under sections 369 and 371 of the Code of Criminal Procedure, until the juror is actually sworn.

After the person called as the first juror had been sworn and examined upon his *voir dire*, the counsel for the prisoner said: "We accept this juror for the present." To this the court said: "You must exhaust all your challenges before the juror takes his seat in the jury box." The counsel then said: "We accept this juror." After the panel had been filled, but before any of the jurors had been sworn, the counsel for the prisoner challenged the seventh juror peremptorily, his peremptory challenges being then unexhausted. The court refused to allow him to do so, stating that he had told the counsel that he must exhaust all his challenges before the jurors took their seats; that in each case the counsel had said that he accepted the juror, and that he had thereby waived his right to challenge the juror peremptorily. To the refusal of the court to allow the challenge the counsel excepted.

*Held,* that the exception was well taken. That there was no express waiver of the right of peremptory challenge, and that one would not be implied from his mere submission to a rigid and illegal rule made by the court.

*It seems,* that the court might compel the prisoner to use his peremptory challenge as each juror appeared, by requiring each juror to be sworn before he entered the box.

Appeal from a judgment of the Court of General Sessions, convicting the defendant of murder in the first degree.

*Stephen S. Blake, Chushan Kneass* and *Adolphus D. Pape,* for the appellant.

*R. B. Martine,* district attorney, and *Delancey Nichol,* assistant district attorney, for the respondent.

Davis, P. J.:

In the progress of the trial of this case a number of exceptions were taken to the exclusion or admission of evidence; and several exceptions were also taken at its close to the refusal of the court to charge several requests presented by the prisoner's counsel. One of these latter exceptions would require careful consideration but

for the fact that we are of opinion that the judgment must be reversed and a new trial granted, for error in denying to the prisoner the right of peremptory challenge of two of the jurors before they were sworn.

The question of the right of challenge arose in this manner: One Edward Eldridge was called as the first juror, and after being sworn and examined upon his *voir dire,* the counsel for the prisoner said: "We accept this juror for the present." To this the court responded: "You must exhaust all your challenges before the juror takes his seat in the jury box." The counsel for prisoner then said: "We accept this juror." The impanneling of the jury then proceeded, and after a large number had been called and excused or challenged peremptorily or accepted, the panel was filled but no one of the panel had been sworn. The following then took place, as stated by the case:

"Before the twelve persons seated in the jury box were sworn as jurors to try the case, the defendant's attorney rose and addressed the court as follows: I desire, if your honor please, to challenge peremptorily the seventh juror, Mr. Simon Coggeshall.

The Court. — It is too late now.

Defendant's Attorney. — Also the eighth juror.

The Court. — I told you, and it was so understood at the commencement of the trial, that you must exhaust all your challenges before the jurors took their seats in the jury box. Your associate said he was satisfied with the first juror in the box and accepted him for the present. I then said that you must exhaust all your challenges before any juror took his seat in the jury box, and you did exercise that right, and in every instance before the juror entered the box you expressly said that the defense accepts him. You thereby, that is by unqualifiedly accepting the juror, waived your right to challenge the juror so accepted peremptorily, unless for some good cause shown.

Defendant's Attorney. — Well, for the purposes of this case we now challenge the eighth juror peremptorily.

The Court. — And for the reason I have stated the challenge is not allowed."

The challenges were overruled, to all of which rulings defendant excepted. The twelve persons above named were thereupon sworn

as jurors to try the case. At this time the prisoner's peremptory challenges had not been exhausted. At common law the right of peremptory challenge in cases of felony exists until the juror is actually sworn. (*Col. John Morris' Case*, 4 Howell State Trials, 1250; Arch. Crim. Practice, 510; *Reg.* v. *Sullivan*, 8 Ad. & El., 831; *Reg.* v. *Wardle*, Carr. & M., 647; *Lindsley* v. *The People*, 6 Park., 233) Under the Constitution of the State of New York this became a part of the common law of the State, subject to such alterations and provisions as the legislature of the State shall, from time to time, make concerning the same (first Constitution, § 35), and each of the subsequent and amended constitutions have continued such adoption.

The established provisions of the common law are preserved by the Code of Criminal Procedure by sections 369 and 371, the first of which enacts that "before a juror is called the defendant must be informed by the court, or under its direction, that if he intend to challenge an individual juror, he must do so when the juror appears and before he is sworn." The second (sec. 371) enacts that "a challenge must be taken when the juror appears and before he is sworn, but the court may, in its discretion, for good cause, set aside a juror at any time before evidence is given in the action.

These sections establish a rule for the benefit of the accused which not only defines his rights as to the time when his challenge may be made, but secures them to him by force of statutory law. Under that rule he may challenge a person who appears as a juror at any time *before he is sworn*, and it is not in the power of a court to deprive him of that right. But in this case the prisoner was deprived of that right by the peremptory adoption of a different rule directly in conflict with that of the common law and of the Code of Criminal Procedure.

When the first juror was called and examined under the challenge for cause, which challenge was not sustained, the prisoner's counsel said, "we accept this juror for the present." The court then announced what was in effect a general rule for the case, requiring the prisoner to make his peremptory challenge of each juror before he took his seat. It is true the language of the rule applied to the particular juror then about to take his seat; but it was afterwards interpreted by the court to be general, by

saying: "I told you, and it was so understood at the com-
mencement of the trial, that you must exhaust all your challenges
before the jurors took their seats in the box; * * * that you
must exhaust all your challenges before any juror took his seat in
the jury box." It requires no argument to show that the rule thus
emphatically laid down was in striking conflict with that of the
Code which gives the prisoner in such cases the right of per-
emptory challenge of any juror before he is sworn. It was error
for the court to abridge that right; and it needed no exception to
the ruling to sustain the right. It is in principle as though while
the Code gives thirty peremptory challenges, in a case punishable
with death, the court had ruled that the prisoner must make but
twenty or a less number; or that all peremptory challenges must
be made before a challenge to the favor. Such rules would con-
travene the law, we think, and exceptions would not be needed to
protect a prisoner's rights.

After the panel was filled by twelve jurors but before any one
was sworn or any act done which constitutes a part of the adminis-
tration of an oath, the prisoner's counsel said he desired to challenge
peremptorily Simon Coggeshall, the seventh juror. The court said,
"it is too late now." The counsel added: "And also the eighth
juror." Thereupon the court stated what is above quoted as to the
rule made when the first juror was challenged, and that the counsel
had accepted each juror before he took his seat in the box and had
therefore waived the right to challenge him "peremptorily unless
for some good cause shown." The counsel added: "Well, for the
purpose of this case, we now challenge the eighth juror peremptorily,
and the court answered: "And for the reason stated the challenge
is not allowed." And the prisoner then duly excepted. The
twelve jurors then in the box were thereupon sworn as the jurors to
try the cause and the trial proceeded.

The exception, we think, was well taken. It is thought to be
answered by the claim that the defendant, by accepting the juror
after the ruling of the court that his peremptory challenges must
be made before each juror took his seat in the box, waived all right
to his peremptory challenge. But a waiver in such a case implies
a voluntary and not a compulsory act. The order of the court
established an arbitrary rule. Submission to such an order was not

a waiver of the rights it denied ; nor ought it to be so construed Counsel could do no otherwise without putting himself or his client in unpleasant antagonism with the court and perhaps in actual contumacy. After each juror had passed the ordeal of a challenge to the favor, if he were not then prepared to challenge peremptorily, he had nothing else to do but allow him to take his seat in the box ; and his saying simply I accept him, was nothing more than consenting to the jurors taking the seat, because, under the order of the court he must then accept or challenge him peremptorily.

When a jury is impanneled in the manner in which this was being done, that is, by filling the panel before any one is sworn, prudent counsel may, with entire propriety husband his peremptory challenges for use against more obnoxious persons that may be afterwards called ; and when the box is full, if his challenges are not exhausted, then he may use them to sift out any of the panel whom his judgment or imagination, or caprice even, leads him to reject. Besides, when the impanneling occupies considerable time, he has had the opportunity to inquire touching the jurors, or to scrutinize and act upon their appearance, conduct, or any hint or suggestion of prejudice, partiality or unfitness. It is the very essence of a peremptory challenge, that it is " one for which no reason need be given " (as section 371 of the Code of Criminal Procedure defines it) ; and not infrequently such challenges are made because the prisoner, or his counsel, " don't like the looks of the juror." It is true the prisoner may be compelled to use his challenges as each juror appears, by the court directing that each one be sworn before he takes his seat, and that course is legal because the law is fully complied with. But that fact does not militate in the slightest degree with the right of a prisoner to challenge peremptorily up to the last moment before the oath is administered where the other mode of impanneling in this case is pursued.

In this case there was no express waiver of the right of peremptory challenge of either juror. And the law will not imply one from mere submission to a rigid and illegal rule made by the court, palpably against the rights and the manifest desire of the prisoner and his counsel. It was not too late therefore, to raise the question of his rights after the box was full and before the jurors were sworn. A waiver to have such an effect must be plainly and inten-

tionally made with that object in view; and then it may be avail-
ing. But not so when it is manifestly the effect of a compulsory
rule, against which counsel merely defers, for a time his protest or
struggle. It is manifest that the Code of Criminal Procedure has
not relaxed any common law rule on this subject. On the contrary,
it aims to preserve the rights of accused persons, for the 369th sec-
tion enjoins it upon the court, "*before a juror is called,*" to see that
the defendant is informed that if he intends to challenge an indi-
vidual juror, he must do it when the juror appears and before he
is sworn. It is not difficult to imagine cases in which a failure to
do this would be fatal to a conviction; but the duty becomes of
slight importance if the court is at liberty to follow it with a
restriction of the right of peremptory challenges within limits not
recognized by the law.

But we think there was no such acceptance of the challenged
jurors as prevented the exercise of the right of peremptory chal-
lenge before either of them was sworn. What was done in the way
of acceptance should be construed as having been done subject to
the lawfully existing rights of the accused up to the time of admin-
istering the oath. There had been no peremptory challenge,
followed by a deliberate withdrawal of it; and no express
waiver of the right to such challenge. The most that can
justly be claimed is that in deference to an absolute rule of the
court, made in derogation of the rules of law, the defendant
accepted the juror and allowed him to take his seat for the purpose
of raising the question as to his rights (to the deprivation of which
he was forced to submit for the time being), by afterward challenging
peremptorily before the juror was sworn. How else could he effectu-
ally raise the question? To be available he must show on appeal
that the ruling deprived him of some legal right. He could not do
it by simply excepting to the rule; for the rule itself did not harm
him till its operation deprived him subsequently of his challenge.
If he challenged in conformity to the rule, his challenge would, of
course have been allowed, and he could assign no error in the
allowance, for the juror would be rejected upon his own motion.
The effectual way to save his rights was therefore to wait till the
jurors were in their seats in the box, and then by challenge before
the oath was administered get an exception to the denial of his

right thus to challenge. That this was the intention of the defend‑ ant's counsel rather than to waive the right of challenge is manifest from the course he pursued. No waiver can be implied therefore from his omission to except to the rule made by the court. His mere saying that he accepted the juror, after the examination on *voir dire,* cannot properly be construed to be anything more than a consent that the juror should take his seat so that an available exception could be then taken to a refusal to allow the challenge.

In *Lindsley* v. *The People* (6 Park., 233) there had been no unlawful rule established by the court. After challenge for cause had been overruled the court asked the prisoner if he challenged the juror peremptorily, to which he answered, " no." The juror then took his seat ; but afterwards, and before he was sworn, the defendant's counsel insisted on challenging him peremptorily. The court denied his right on the ground of express waiver. This was held on appeal to be error. Very able opinions were written by MARVIN, P. J., and DANIELS, J., the latter dissenting ; and the case has been the accepted law of the State for many years. It is a much stronger case against the People than that now before us, for in that case the court had not held and so instructed the prisoner that he must. challenge peremptorily before the juror took his seat, and thus compelled the prisoner to allow the juror to enter the box in order to reserve effectually the right to test the peremptory order of the court. That case is really quite decisive of the present, for in this case it may well be said, as in *Bell* v. *The State* (48 Ala., 675), " We do not think there was any intelligent and intentional waiver in this case."

In *Hendrick* v. *The Commonwealth* (5 Leigh, 709) the prisoner " elected the juror and he took his seat; after another juror was called one of the counsel stated that the prisoner was acting on his advice in challenging, and in electing the juror had mistaken it." The court refused to allow the challenge, and this was held error on the appeal, as the juror had not been sworn.

The counsel for the people cites numerous cases on the effect of a waiver of the rights of parties, but none that establishes that an act merely conforming in the conduct of a trial to an arbitrary and unlawful rule, deprives a prisoner of the benefit of excepting to the effect of such a rule when he seeks to avail himself of a right conferred on him by statute.

It is not necessary, therefore, in this case, to decide that a prisoner cannot be bound by a clear and intelligent waiver of his right of peremptory challenge of a particular juror made for that express purpose, for that case is not before us. The case was tried by the learned court with great fairness and ability. The evidence, doubtless, justified the conviction, and although we have much hesitation whether the refusal to charge the first request was not error, yet we think an affirmance might be justified but for the error we have so fully discussed.

The judgment must be reversed and a new trial ordered.

BRADY and DANIELS, JJ., concurred.