Opinion
 

 McKINSTER, J.
 

 Appellant and defendant Michael Donnel Niles (defendant) appeals from the judgment entered after the jury found defendant guilty of murdering his wife for financial gain and set the penalty at life in prison without possibility of parole. We conclude that defendant’s contentions on appeal lack merit.
 

 Statement of the Case
 

 In a two-count felony information, the District Attorney of Riverside County charged defendant and Noel Jackson (Jackson) with conspiracy to commit murder (Pen. Code, § 182) and murder (Pen. Code, § 187) in connection with the death of defendant’s wife, Sonja Niles. The district attorney further alleged, pursuant to Penal Code section 190.2, subdivision (a)(1), that the murder was committed for financial gain. The trials of defendant and Jackson occurred at the same time but with separate juries. Defendant’s jury found defendant guilty on both counts and, farther, found the financial gain special circumstance allegation to be true. At the conclusion of the penalty phase, the jury fixed defendant’s penalty at life imprisonment without possibility of parole, and the trial court sentenced defendant accordingly.
 

 
 *146
 
 Discussion
 

 I.
 

 Defendant first contends that the trial court committed reversible error when, before defendant’s jury actually was sworn but several months after both defendant and the prosecutor consecutively passed on peremptory challenges and accepted the jury, the trial court precluded defendant from exercising his last peremptory challenge. The facts pertaining to this issue are not in dispute. As above noted, defendant and Jackson were tried at the same time but with separate juries. Defendant’s jury was selected first, although the jurors apparently were not informed that they had been selected and were not sworn until after Jackson’s jury had also been selected. Consequently, several months elapsed between the time defendant’s jury was selected and the time the jury actually was sworn.
 

 During a hearing held to finalize jury selection for both defendant and Jackson, the trial court informed counsel that Juror Perreault’s husband, a sheriff’s sergeant in charge of the night shift at the county jail, told the presiding judge, who in turn told the trial judge, that defendant was talking with the sergeant from time to time and being very nice, which apparently “concerned” Sergeant Perreault. Defendant also informed the sergeant that Mrs. Perreault had been selected for the jury. According to the presiding judge, Sergeant Perreault said that both the sergeant and Mrs. Perreault were surprised that Mrs. Perreault was left on the jury.
 

 Based on the foregoing information, both counsel briefly questioned Mrs. Perreault outside the presence of the other jurors to determine whether Mrs. Perreault should be excused from the jury, presumably for cause.
 
 [1]
 
 At the conclusion of that questioning, both attorneys agreed that Mrs. Perreault should stay on the jury, although defendant requested and was granted permission to ask Mrs. Perreault a few more questions the following day,
 
 *147
 
 before the jury was sworn. The next day, without asking any additional questions, defendant requested that Juror Perreault be excused and that defendant be allowed to use his one remaining peremptory challenge for that purpose. The trial court denied defendant’s request, noting that the jury was selected and that the trial court could see no reason to reopen.
 

 Defendant, in pursuing this appeal, contends that he had an absolute right to exercise his remaining peremptory challenge and excuse Juror Perreault because the jury had not been sworn. Therefore, defendant argues, the trial court, in denying defendant’s request, deprived defendant of his right to a fair trial, thus requiring reversal, per se. To support his contention that he had an absolute right to exercise his last peremptory challenge, defendant relies on Penal Code section 1068, in effect at the time of the trial, but subsequently repealed,
 
 [2]
 
 which provided that challenges (peremptory or for cause) “must be taken when the juror appears, and
 
 before he is sworn to try the
 
 cause; but the court may for cause permit it to be taken after the juror is sworn, and before the jury is completed.” According to defendant, the Supreme Court interpreted the emphasized language, albeit in the context of the statute which preceded Penal Code section 1068, as allowing a defendant to “peremptorily challenge a juror at any time after his appearance in the box and before he is sworn to try the case . . . .”
 
 (People
 
 v.
 
 Jenks
 
 (1864) 24 Cal. 11, 13.)
 

 Subsequent to the
 
 Jenks
 
 decision, however, the Legislature enacted Penal Code section 1088, also in effect at the time of defendant’s trial, and later repealed, which provided, “If all challenges on both sides are disallowed, either party, first the people and then the defendant, may take a peremptory challenge or pass unless the parties’ peremptory challenges are exhausted; and each party shall be entitled to have the panel full before exercising any peremptory challenge.
 
 If all the parties on both sides pass consecutively, the jury shall then be sworn, unless the court, for good cause, shall otherwise order.
 
 The number of peremptory challenges remaining with a side shall not be diminished by any passing of a peremptory challenge.” (Italics added.)
 
 [3]
 

 
 *148
 
 Construing Penal Code sections 1068 and 1088 consistently with each other, as we must, we conclude that section 1068 requires a party to assert all challenges before the jury is sworn, but section 1088 permits a party to make such challenges only until both sides pass consecutively, after which the jury shall be sworn. In other words, when both sides consecutively pass on peremptory challenges, they indicate to the trial court that they are each satisfied with the composition of the jury and that the jury may be sworn. At that point, and even though the jury is not actually sworn, any remaining peremptory challenges may be exercised only at the discretion of the trial court, based upon a showing of good cause.
 
 [4]
 

 We find support for the foregoing conclusion in an analysis of the Legislature’s 1953 amendment of Penal Code section 1088 which added the last two sentences of that section, as set forth above. That analysis points out that the 1953 amendments “provide, first, that the number of peremptory challenges remaining with a side is not diminished by any passing of a peremptory challenge and, second, that if both sides pass their peremptory challenges consecutively, the court can then swear in the jury unless for some good reason it feels obliged to do otherwise.”
 
 (The Work of the 1953 California Legislature—A Survey and Critique
 
 (1953) 27 So.Cal.L.Rev. 108.) After noting and discussing “[t]hree California cases, based on the old statutes, [which] had somewhat clouded the issues clarified by the amendments,” the analysis concludes that those three cases “would be decided in the same way under the newly amended provisions, but the underlying rules are set forth for the first time by these statutory changes. Where formerly ... a peremptory challenge after passing may have been allowed only in the discretion of the trial court, now it is clearly a matter of right.
 
 Such a challenge can no longer be made after both sides have passed consecutively,
 
 but the right to challenge is not waived by passing if the other party challenges in his turn.”
 
 (Ibid.,
 
 italics added.)
 

 Based on the foregoing analysis and our interpretation of the language of Penal Code sections 1068 and 1088, we conclude that the trial court did not err when it precluded defendant from peremptorily challenging Juror Perreault because defendant no longer had an unqualified right to exercise such a challenge, having months earlier accepted the jury after defendant and the prosecutor each passed consecutively on their peremptory challenges. At that point, the exercise of the remaining peremptory challenge was no longer a
 
 *149
 
 matter of right but rather a matter within the discretion of the trial court, contingent upon defendant’s showing of good cause. The trial court’s exercise of that discretion will not be set aside absent a clear showing of abuse.
 
 (People
 
 v.
 
 Giminez
 
 (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)
 

 We cannot say, based upon our review of the facts, that the trial court clearly abused its discretion in denying defendant’s request to reopen. Each of the pertinent facts regarding Juror Perreault, including her husband’s employment and assignment at the county jail where defendant was confined and thus might possibly come in contact with Sergeant Perreault, were known to defendant at the time defendant originally passed on peremptory challenges and accepted Mrs. Perreault as a member of the jury.
 
 [5]
 
 Further, defendant did not offer any facts additional to those presented the preceding day when defendant agreed, after questioning Mrs. Perreault, that she should remain on the jury. In our view, defendant showed nothing more than that he had reconsidered his decision of the day before and had changed his mind. Accordingly, we conclude that the trial court did not abuse its discretion in denying defendant’s request to reopen in order to exercise his remaining peremptory challenge.
 

 II.
 
 *
 

 
 *150
 
 Disposition
 

 The judgment is affirmed.
 

 Timlin, Acting P. J. and McDaniel, J.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied September 4, 1991, and appellant’s petition for review by the Supreme Court was denied October 31, 1991. Mosk, J., was of the opinion that the petition should be granted.
 

 [1]
 

 The gist of the questioning concerned whether Mrs. Perreault and her husband had any discussions about defendant or the case which would affect her ability to be fair and impartial. Mrs. Perreault responded that she and her husband had not had any conversations other than the one in which her husband told her that defendant had told him that Mrs. Perreault had been selected for the jury, and during which Sergeant Perreault apparently expressed concern over Mrs. Perreault’s selection, given the fact that he would undoubtedly have contact with defendant during the course of the trial. Mrs. Perreault went on to say that her only concern was whether the prohibition against discussing the case applied not only to her but also to defendant. After the judge explained that defendant could talk with Sergeant Perreault but Sergeant Perreault and Mrs. Perreault could not talk about defendant or the case, Mrs. Perreault indicated that she would explain that restriction to her husband and with that limitation clearly understood, she would not have any problem serving on the jury.
 

 [2]
 

 In 1988, the Legislature repealed the Penal Code provisions regarding jury selection and incorporated those sections into the Code of Civil Procedure, which now provides, in section 226, subdivision (a), that, “A challenge to an individual juror may only be made before the jury is sworn.”
 

 [3]
 

 Language similar to that of Penal Code section 1088 is currently found in Code of Civil Procedure section 231, subdivision (d) which provides that, “Peremptory challenges shall be taken or passed by the sides alternately, commencing with the plaintiff or people; and each party shall be entitled to have the panel full before exercising any peremptory challenge. When each side passes consecutively, the jury shall then be sworn, unless the court, for good cause, shall otherwise order. The number of peremptory challenges remaining with a side shall not be diminished by any passing of a peremptory challenge.”
 

 [4]
 

 The good cause showing which we impose by our holding here does not require the party to show good cause for the challenge. The requirement applies only to the request to reopen. In other words, the party need not explain the basis for the peremptory challenge, but must make a sufficient showing to persuade the court to allow the belated exercise of that challenge.
 

 [5]
 

 Defendant contends that the questioning of Mrs. Perreault revealed that she had discussed the case with her husband, thereby violating her oath as a juror. According to defendant, that violation, combined with the concern that similar violations would occur in the future, constitutes good cause to reopen, therefore the trial court abused its discretion in denying defendant’s request to excuse Mrs. Perreault. At the outset we note that Mrs. Perreault only had taken an oath as a venire person, not as a juror. More importantly, we disagree with defendant’s conclusion that the facts demonstrate that Mrs. Perreault violated the admonition against discussing the case with her husband. We need not belabor that point, however, for even if we were to agree with defendant, defendant did not assert that conclusion in the trial court. In other words, although the facts purportedly were before the trial court, defendant did not raise the argument which those facts purportedly supported. The trial court, in our view, cannot be held to have abused its discretion by denying a motion based upon an argument which was not presented and, thus, which the court did not consider.
 

 *
 

 See footnote,
 
 ante,
 
 page 315.
 

 *
 

 Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.